OPINION.
Davis, J.,
delivered the opinion of the court:
The first ground assigned by the motion for a new trial is that the findings of fact are contrary to the evidence, with a reference to the evidence supposed to be conflicting. This is in substance a proposal to reopen the case and reargue it on the same evidence. On a similar motion recently made in another case we said:
In making the finding of facts of a case the court sets out only- ‘,f the facts established by the evidence,” in accordance with the rule on that subject prescribed by the Supreme Court.
Facts alleged on the one side and the other which the court does not find to he established are omitted ae not proved. ,
This motion refers to the very evidence which we considered when making that finding, and which then failed to satisfy us that it established the facts alleged. We have now re-examined it without seeing any- reason for supposing that our minds would he changed by a reargument, nor do we find any material fact omitted. (Roche’s Case, ante, 289.)
*495 The same may be said of the present motion. It does not present in this branch a proper case for a rehearing within the rules.
The second ground of error assigned professes to be one of law, that the measure of damages was erroneous. But when examined it is found to be an allegation of an error in fact.
The counsel alleges that he sent teams and men in sufficient numbers to perform his entire agreement, and maintains that to deny him payment in full is to reverse the rulings of this court in Hardy's Case (9 C. Cls. R., 244).
The court neither denied nor assented to the law as the counsel understands it. It was not necessary to pass upon it, because the claimant did not prove what he maintains was proved. He took one view as to the effect of the evidence; the court took a different one. This is no ground for a new trial. As. was said in Boche’s Case (ante, 289):
In point of fact, the claimant’s motion is simply that he may have a new trial in order to reargue his whole ease upon the law and the facts exactly as they were before us at the other hearing, without the slighest indication that he has anything new to offer.
The reargument of cases cannot be permitted upon the sole ground that, one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged with no more satisfactory results, as there would still be a losing party in the end.
If the court did err in this case, it was in giving the claimant any judgment on the slight proof in the record; but, as was stated in the opinion, the court felt itself justified, in view of' the manifest equities of the case, in stretching a point and giving the claimant judgment for all that a liberal construction of the rules of evidence most favorable to him would allow.
But we do not think we can justify ourselves in setting aside in his favor long-settled rules regulating motions for new trials..
The motion is overruled.